IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR MATTIA,<br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 20-CV-790 |
| JOINT DRUG TASK FORCE, et al.,<br>    *Defendants*. | : <br> : <br> : | |

## MEMORANDUM

**PAPPERT, J.**                                                                    **FEBRUARY 14, 2020**

Plaintiff Arthur Mattia filed a Complaint using the Court's preprinted form for use by unrepresented litigants to bring civil claims. Mattia has also moved for leave to proceed *in forma pauperis* and has filed an "Emergency Hearing on Petition to Cease and Desist Investigation." For the following reasons, the Motion to Proceed *In Forma Pauperis* will be granted, the "Emergency" Motion will be denied, and the Complaint will be dismissed without prejudice.

I

Mattia's Complaint is difficult to comprehend. He names as Defendant "Joint Drug Task Force — State/Phila Police."[1] He alleges that his civil rights have been violated by police "gang stalking" him since September 11, 2019 at his former place of employment and at a casino. (ECF No. 2 at 3.)[2] He asserts that there are "detailed

---

[1] The "Joint Drug Task Force — State/Phila Police" appears to refer to one Defendant. However, the Clerk of Court recorded two Defendants on the docket sheet for this case, namely the "Joint Drug Task Force" and "State/Phila Police." The accompanying Order will direct the Clerk to amend the docket to reflect that there is only one named Defendant.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

cassette recordings btw casino security and Defendant acknowledging illegal tactic."[3]
(*Id.*)  He also seems to assert that he has recorded, or has been recording, an ex-girlfriend in a romantic relationship with an agent of the Defendant Joint Drug Task Force, and that all members thereof know this happened.  (*Id.*)  All members also know that a confidential informant has been selling drugs in a casino, but they continue to use that confidential informant.  (*Id.* at 3-4.)  A second confidential informant is allegedly involved in a sexual relationship with a Task Force member.  (*Id.* at 4.)

Mattia asserts that he lost his job due to the stalking, quickly regained employment elsewhere, but was again terminated because of his being stalked.  (*Id.*)  He claims he is now unable to work because of the stalking.  (*Id.*)  He also asserts that he was escorted out of a casino because casino security knew about the agent's relationship with his ex-girlfriend.  (*Id.* at 5.)  Task force members also allegedly planted drugs and money to obtain his arrest, but he learned of the actions and was able to evade arrest.  (*Id.*)  Mattia claims that he was forced to leave his home and sleep on the streets.  (*Id.*)  He seeks $6,600 in damages, an order directing the immediate cessation of the investigation and stalking, and that criminal charges be filed against the confidential informants.  (*Id.* at 6.)

II

Because Mattia is granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of

---

[3] It is unclear, but Mattia may be referring to himself as "Defendant."

Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mattia is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide

3

enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

III

Mattia's Complaint against Defendant Joint Drug Task Force, apparently seeking to raise a civil rights claim pursuant to 42 U.S.C. § 1983, must be dismissed without prejudice. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The named Defendant appears to be a unit of the Philadelphia Police Department. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a municipal police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25

4

(3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, to the extent that Mattia's naming the of "Joint Drug Task Force — State/Phila Police" was intended to bring a § 1983 claim against the Philadelphia Police Department, the claim is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because the Philadelphia Police Department is not a proper defendant.

To the extent that Mattia's naming of the Joint Task Force was intended to bring a claim against the Pennsylvania State Police, the Eleventh Amendment bars the claim. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments are immune from suits filed in federal court. In addition, to the extent that Mattia seeks non-monetary relief against the Pennsylvania State Police in the form of an order to have criminal charges filed against the confidential informants, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Eskridge v. Peters*, Civ. A. No. 06-193, 2008 WL 859177, at *7 (W.D. Pa. Mar. 31, 2008). In any event, Mattia's disjointed allegations fail to provide sufficient information to permit a defendant to understand the nature of his claim and to permit the Court to conduct the required § 1915 screening. While he asserts, among other things, that he was stalked, the Court will not guess at what

constitutional right was allegedly violated by the Defendant's activities.  Accordingly, the Complaint will be dismissed without prejudice and with leave to file an amended complaint.

Finally, Mattia's separately filed "Emergency Hearing on Petition to Cease and Desist Investigation," which the Court construes as a motion for a temporary restraining order or for a preliminary injunction, will be denied at this time.  To be entitled to either form of relief, Mattia would have to show "(1) a likelihood of success on the merits, (2) the probability of irreparable harm if the relief is not granted, (3) that granting injunctive relief will not result in even greater harm to the other party and (4) that granting relief will be in the public interest."  *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3d Cir. 1988); *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *see also Pileggi v. Aichele*, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012) ("The standard for granting a temporary restraining order under Federal Rule of Civil Procedure 65 is the same as that for issuing a preliminary injunction.").  "In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury."  *Ecri*, 809 F.2d at 226 (citations omitted).  "Nor is it enough for the harm to be serious or substantial, rather, it must be so peculiar in nature that money cannot compensate for the harm."  *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994).  Because Mattia has not stated a plausible claim upon which he is likely to succeed, his request for preliminary relief is denied.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**